# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No: 10 CR 1038 |
| v. | ) | Hon. Judge St. Eve |
| IAAD HAMAD, | ) | |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER

This Court hereby enters this protective order. Terms of the protective order are as follows:

A. The following words and terms are defined for purposes of this qualified protective order:

    1. "Parties" shall mean the City of Chicago and Defendant, Iaad Hamad.

    "Protected Materials" shall mean the

    1) Employee Complaint Register Histories and Complaint Histories for Alejandro Gallegos, Marco Bruno, Michael Reyes and Daniel McCall;

    2) Any closed Complaint Registers and information listed in Alejandro Gallegos' five year employee complaint register.

B. This Order governs all exchange or dissemination of information or the production of documents designated as Protected Materials. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit Protected Materials.

C. To the extent that protected materials are referred to or filed with the Clerk of the Court, it must be done under seal and not made available for review by the general public. To the extent that it is desired to refer to or file protected materials as part of this litigation and not have the materials be subject to the restrictions in this protective order, permission must be specifically obtained from the Court after providing the City with five (5) business days notice of your intent to file such motion to remove or limit the seal.

D. In addition, the Parties will abide by the following terms and conditions:

    1. The Protected Materials are for Attorneys Eyes only.

    2. The Parties will not use or disclose the designated Protected Materials released in this proceeding for any other purpose or in any other proceeding.

3. The Attorneys agree to take reasonable precautions consistent with this Order to prevent the unauthorized or inadvertent disclosure of designated Protected Materials. The attorneys of record are responsible for employing reasonable measures to control duplication of, access to, and distribution of designated Protected Materials, including abstracts and summaries thereof.

4. All designated Protected Materials produced during the course of this proceeding shall be returned to the producing party, within sixty (60) days of the final termination of this action. A producing party denied the return of designated Protected Materials pursuant to this order may petition the Court for the costs and fees of compelling such return.

5. The individual pages of each document designated as Protected Materials shall bear the following designation: "CONFIDENTIAL AND FILED UNDER SEAL."

6. Before disclosing designated Protected Materials to any persons working with the attorneys, including but not limited to expert(s) or consulting expert witnesses retained in connection with the court proceeding, counsel will be responsible for informing each such person that the documents or information containing designated Protected Materials to be disclosed are confidential, are to be held in confidence, are to be used solely for the purpose of preparing for this court proceeding and further, that these restrictions are imposed by a court order.

7. This Agreed Protective Order may be modified by further written stipulation signed by the signatories pursuant to these terms, or by a further order of this Court upon application to the Court with notice.

ENTER: _____
JUDGE

DATED: 9-11-12

Piyush Chandra
Federal Defender Program
55 E. Monroe Street
Suite 2800
Chicago, Illinois 60603

Karen Coppa
Chief Assistant Corporation Counsel
33 North LaSalle Street
2nd Floor
Chicago, Illinois 60602

2